**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-01517-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| David Lee Frater, | |
| Defendant. | |

On March 1, 2016, the Court entered an order denying Defendant David Lee Frater's motion to withdraw his guilty plea, and his counsel's motion to appoint a new attorney. Doc. 103. On March 10, 2016, Mr. Frater filed a *pro se* notice of appeal from the Court's decision. Doc. 104. The Court accordingly must decide whether to proceed with the sentencing in this long-delayed case on April 4, 2016.

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted). Thus, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed

with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388–89 (9th Cir. 1996) (emphasis added). In short, "[f]iling an appeal from an unappealable decision does not divest the district court of jurisdiction." *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009).

Mr. Frater has attempted to appeal an order that is not subject to appeal. Generally, the Court of Appeals has jurisdiction only over appeals from final decisions of the district courts. 28 U.S.C. § 1291; *United States v. Austin*, 416 F.3d 1016, 1019 (9th Cir. 2005). Because this Court's order of March 1, 2016 is not a final decision in this case, it is not appealable. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (stating that a decision is not final for appeal purposes "until there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'") (quotation omitted).

A small class of orders is final for purposes of 28 U.S.C. § 1291 under the collateral order doctrine set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). For that doctrine to apply, the Court's order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978). The order is not appealable if it fails to meet any one of these requirements. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

The Court's order clearly fails the third requirement. Any errors in the Court's order can be raised by Mr. Frater on appeal after the sentencing in this case. Thus, the Court's order is not appealable and the Court may continue to exercise jurisdiction. *Hickey*, 580 F.3d at 928.

This decision comports with the Ninth Circuit's approach to interlocutory appeals in criminal cases. The Court of Appeals has recognized "the broad rule that orders in criminal cases are generally unreviewable before imposition of a judgment and sentence." *United States v. Samueli*, 582 F.3d 988, 991 (9th Cir. 2009). It has emphasized that, "[i]n

criminal cases, we apply the collateral-order doctrine with 'the utmost strictness.'" *Id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)). Thus, the Ninth Circuit has refused to permit an interlocutory appeal from a district court's rejection of a plea agreement – a decision that might well result in a criminal defendant proceeding to trial. *Id.* at 990-94. That decision applies with equal force to the Court's rejection of Mr. Frater's attempt to withdraw his guilty plea.

Sentencing will proceed as scheduled on April 4, 2016.

Dated this 17th day of March, 2016.

_____
David G. Campbell
United States District Judge