**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-01517-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| David Lee Frater, | |
| Defendant. | |

This long-delayed case has been pending since October 30, 2014. Doc. 1. Defendant David Lee Frater has repeatedly asserted legal arguments the Court has found unpersuasive, and has attempted to terminate his second attorney, whom the Court finds to have been representing him diligently and effectively. *See* Doc. 103. With sentencing less than three weeks away, Defendant Frater again has filed motions seeking to have his counsel and the undersigned removed from this case. Doc. 109, 110. The Court will deny the motions.

Defendant accuses the undersigned of "obstruction of justice," but his complaints are based entirely on the Court's rulings in this case. A defendant cannot obtain removal of a judge on the basis of rulings made in the case. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). Indeed, "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Defendant again argues that provisions of the statute under which he is charged are inconsistent with the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). Doc. 109 at 2. The Court has previously explained why this position is incorrect. *See, e.g.,* Doc. 103.

Defendant also again argues that computers do not store images, only computer code, and he therefore has not possessed or transferred images of child pornography, and any ban on computer code would violate the First Amendment. The Court has previously rejected these arguments. Doc. 103.

Defendant again asserts that his counsel, Ashley Adams, should be dismissed. On March 23, 2015, the Court allowed Mr. Frater's prior counsel to withdraw after Mr. Frater expressed dissatisfaction with that lawyer's representation. The Court warned Mr. Frater, on the record, that it would be unlikely to appoint a third lawyer if he was unable to make his relationship with Ms. Adams work. The Court explained that in its experience, in cases where the attorney-client relationship breaks down more than once, the problem is usually with the client, not the lawyers.

The Court again concludes that Ms. Adams has been very diligent in representing Mr. Frater. She is conversant with the factual record, has done correct legal analysis (*see* Doc. 97 at 2-4), has retained experts to assist in the defense, and has negotiated a very favorable plea agreement. After observing the interaction between Ms. Adams and Mr. Frater during several hearings, the Court concludes that the attorney-client relationship is not irretrievably broken. Mr. Frater is a challenging client to be sure. He is intelligent and determined, and has strong views about the facts and the law. The Court concludes that Ms. Adams has not only represented him well, but also has the patience and determination to continue working with him constructively. She is also the attorney most familiar with the plea agreement and the history of this case. Appointing new counsel would result in months of delay in the sentencing, and new counsel would not represent Mr. Frater more effectively than Ms. Adams and might well have more difficulty communicating with him.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS ORDERED** that Mr. Frater's latest motions (Docs. 109, 110) are **denied.** Sentencing will proceed as scheduled on **May 9, 2016, at 3:45 p.m.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 4/14/2016.

Dated this 20th day of April, 2016.

_____
David G. Campbell
United States District Judge