**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Lee Frater, | No. CV-19-02168-PHX-DGC (MHB) |
| Movant/Defendant, | No. CR-14-01517-PHX-DGC |
| vs. | |
| United States of America, | **ORDER** |
| Respondent/Plaintiff. | |

David Frater is confined in federal prison in Yazoo City, Mississippi. Pursuant to 28 U.S.C. § 2255, he moves to vacate his sentence in Case No. CR-14-01517. Doc. 1.[1] Magistrate Judge Michelle Burns issued a report recommending that the motion be denied ("R&R"). Doc. 15. Frater has filed an objection and the government has responded. Docs. 18, 19. The Court will accept the R&R and deny the motion.[2]

**I.     Background.**

Frater pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(A)(a)(5)(B), (b)(2), and 2256. CR Doc. 131. On May 9, 2016, the Court sentenced him to 125 months in prison followed by lifetime supervised release.

---

[1] Citations to documents in the criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

[2] Frater has filed a series of letters addressed to Judge Burns. Docs. 16, 17. The Court has reviewed the letters, but finds they bear no relevance to issues in this order.

1

CR Doc. 174.  The Ninth Circuit upheld the plea and sentence, finding that Frater had waived his right to appeal.  CR Doc. 171; *see United States v. Frater*, 735 Fed. App'x 467 (9th Cir. 2018).

Under § 2255, a federal prisoner may obtain relief from his sentence if it was "imposed in violation of the United States Constitution or the laws of the United States[.]" 28 U.S.C. § 2255(a).  Frater alleges four grounds for relief: (1) the original search and seizure of his home computer were illegally executed by the New Zealand Police Department; (2) the law requires that the government produce a minimum of three verified pornographic images of children who have been legally identified as victims; (3) unverified secondary evidence was presented in a superseding indictment; and (4) outlawing sexually explicit photographs of children propagates crimes against them by repressing information the public needs to identify victims and perpetrators.  Doc. 1 at 4-5, 7-8.  Because none of these arguments concern the voluntary and intelligent acceptance of his plea agreement, Judge Burns recommends denying the Motion.  Doc. 15 at 2-3.

**II.     R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.    Discussion.**

Judge Burns found that, in accepting the 2016 plea agreement, Frater "clearly and expressly waived his right to bring an appeal or collateral attack and, as such, has waived his claims raised in his § 2255 Motion[.]"  Doc. 15 at 3.  The Court agrees.

With limited exceptions not relevant here, a defendant may waive his statutory right to bring a § 2255 motion if he knowingly and voluntarily signs a plea agreement that

contains an express waiver of that right.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (a "defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made" (internal quotation omitted)).

Frater objects to Judge Burns's finding that he waived his right to bring a § 2255 motion, arguing that his plea agreement was "non-binding" because the Court failed to sign and file it.  Doc. 18 at 1, 3.  Contrary to Frater's contention, the plea agreement was accepted – without objection – at his sentencing on May 9, 2016.  CR Doc. 165 at 9 ("I'm going to accept the plea agreement and my judgment and sentence will be consistent with it.").  The plea agreement was signed by the Court and filed on that date.  *See* CR Doc. 131.

The Court's de novo review of the record also shows that Frater understood the waiver and entered his plea knowing that he would not be permitted to appeal or collaterally attack his conviction and sentence so long as his sentence was consistent with the plea agreement.  The Court ensured that Frater understood he was giving up this right.  At the change of plea proceeding, Judge Boyle questioned Frater about whether he understood the rights he was waiving:

> THE COURT: There's a section in your agreement labeled Waiver of Defenses and Appeal Rights.  It begins on page five.  Normally, you could appeal your conviction and sentence to a higher Court or you could file motions in this court fighting your conviction and sentence.  Did you read this paragraph with your attorney before you signed this agreement?
>
> THE DEFENDANT: Yes, I did, Your Honor.
>
> THE COURT: You're giving up those rights to appeal and fight your conviction under these terms?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: And do you agree to do so?

THE DEFENDANT: Yes, I do, Your Honor.

CR Doc. 86 at 15-16.

At sentencing, the Court again reminded Frater that he had agreed to waive his right to appeal and collaterally attack the sentence. CR Doc. 165 at 2-3, 30. The Court accepted the plea agreement and imposed a sentence consistent with it. *Id.* at 9, 26. The Judgment reflects that Frater was "sentenced in accordance with the terms of the plea agreement and that [he] waived [his] right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver." CR Doc. 174 at 4. Frater does not otherwise contend that his waiver of rights was not knowing or voluntary.[3]

Both the language of the plea agreement and Frater's responses to the Court's questioning reveal that he knowingly and voluntarily waived his right to collaterally attack his sentence. Based on that waiver, the Court will deny his § 2255 motion.

**IV.    Certificate of Appealability.**

Frater contends that a certificate of appealability is warranted because his due process rights were violated when he was arrested in 2014. Doc. 18 at 2-3. Frater's objection merely reasserts the arguments made in his § 2255 motion. *See* Doc. 1. This is not a basis to grant a certificate of appealability. Frater also argues that "[t]here was never a binding, legally recognized plea agreement on file at any time in my criminal case." *Id.*

---

[3] Frater has filed two "Response and Rebuttals" to the government's brief, both dated April 7, 2020, which the Court has reviewed and considered. Docs. 20, 21; *see* LR Civ. 7.2(e)(3). Frater again appears to argue that the Court never accepted his plea agreement and orally preserved his right to appeal at sentencing. This is belied by the record. *See* CR Doc. 91 ("The Court orders Defendant's guilty plea accepted, and the Court's decision on acceptance of the plea agreement will be deferred to the time of sentencing") (emphasis omitted); CR Doc. 165 at 9 ("[The Court is] going to accept the plea agreement and [the] judgment and sentence will be consistent with it"); *id.* at 30 ("you have waived your right to appeal").

at 2.  Frater again contends that the plea agreement was never signed or filed by the Court and thus it "was never in effect or binding at all."  *Id.*  This is simply incorrect.  *See* Docs. 131 at 12, 165 at 2-3, 9, 30.  Frater otherwise develops no legal argument in support of his assertion that there was a substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

When a § 2255 motion is denied on procedural grounds without consideration of the underlying merits, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal [is] warranted."  *Id.*  Frater has not established that reasonable jurists would find the Court's conclusion debatable.

The Court agrees with Judge Burns that a certificate of appealability should be denied because Frater has not made a substantial showing of the denial of a constitutional right as required by § 2253(c)(2).  Doc. 15 at 4.

**IT IS ORDERED:**

1.      Judge Burns's R&R (Doc. 15) is **accepted**.

2.      Frater's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **denied**.

3.      A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

4.      The Clerk is directed to enter judgment and **terminate** this action.

Dated this 30th day of April, 2020.

David G. Campbell
Senior United States District Judge

5